UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

Philip and Daryl Schreiber,

    parents of a disabled child, S.S.,

                      Plaintiffs

-against-

EAST RAMAPO CENTRAL SCHOOL DISTRICT

                     Defendants.

----------------------------------------------------------x



**08 CIV. 4288**
COMPLAINT

Civil Action No.

**JUDGE KARAS**

## INTRODUCTION

1. This action is brought pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. Section 1401 *et seq.* (hereafter referred to as "IDEA"), to ensure a disabled child's right to a free appropriate public education. It is brought upon receipt of a final state administrative decision.

2. Plaintiffs are the parents of a disabled child who was denied access to a free appropriate public education by the Defendant School District through the actions of its Committee on Special Education ("CSE"), see SRO Decision 06-013, Decision 06-100 and

Decision 07-137. Plaintiffs are aggrieved because they continue to be denied access to any and all appropriate relief; at all times, they have requested relief in the form of tuition reimbursement for their unilateral placement of the child during review proceedings. This Complaint is filed pursuant to the IDEA, *supra,* State's implementing laws and regulations, at N.Y. Educ. Law §§ 4401 et seq., 8 NYCRR §§ 200 *et seq.*, the several interpretive U.S. Supreme Court decisions, *cites omitted*, and public policy to obtain such reimbursement.

## JURISDICTION AND VENUE

3. Jurisdiction of the U.S. District Court for the Southern District of New York is invoked under the Individuals with Disabilities Education Improvement Act of 2004, at § 615(i)(2) (see 20 U.S.C. sec. 1415(i)(2)(C) and conferred by 28 U.S.C. Section 1331, 1343(3) and (4), providing for jurisdiction in cases arising under the Constitution and Laws of the United States; pursuant to 28 U.S.C. Sections 2201 and 2202, providing for declaratory and injunctive relief. The Court has pendant jurisdiction to adjudicate any state claims, which may arise out of the same facts as the federal claims asserted herein. See

4. Venue is properly laid in the United States District Court for the Southern District of New York, as authorized by 28 U.S.C. Sections 1391 and 1392.

## PARTIES

5. Defendant East Ramapo Central School District (Defendant school district) is located in Rockland County, in the State of New York and is organized pursuant to the Education Law

of the State of New York and regulations of the New York Commissioner of Education and Board of Regents. Defendant school district is responsible for the overall operation and management of special education programs in accordance with federal and state law. Defendant school district is mandated and empowered pursuant to Article 89 of the New York State Education Law to identify all disabled children of school age in the school district and to provide free appropriate public education (FAPE). Defendant is a "local educational agency" as that term is defined in 20 U.S.C. Section 1401(8) and received federal financial assistance as such. Defendant Mitchell J. Schwartz is the Superintendent of the East Ramapo Central School District and charged with all of the duties and responsibilities of school district operation and is the principal officer in charge of the Committee on Special Education.

6. Plaintiffs Philip and Daryl Schreiber are the parents of Sharon ("S.S." hereafter) a student with a severe learning disability, characterized by delayed reading abilities and social/emotional side effects. They reside at 5 Lodi Lane, Monsey, New York, located in Rockland County and within the East Ramapo Central School District. S.S. was 12 years of age, having just finished the 6th grade, at the commencement of the underlying administrative complaint proceedings.

## BASIS OF CLAIM

7. Both the locally-appointed impartial hearing officer and the New York State Education Department's State Review Officer concluded that Plaintiffs' daughter was denied a a free appropriate public education ("FAPE"). The final administrative decision, issued on February 6, 2008 established that FAPE was denied where the school district had "not convened a CSE for the student since March 2005 and that the student was not offered an IEP

3

for the 2006-07 school year", p. 9, SRO Decision 07-137. It is from this decision that the instant complaint appeals to the federal court.

8. While declaring that this student's right to FAPE was denied by Defendant School District, while granted to parents by the hearing officer and finder of fact, the State Review Officer, Paul Kelly, denied her access to any and all appropriate relief. This complaint is filed to annul that portion of the administrative decision denying Plaintiffs equitable relief as available under the IDEA. They seek appropriate relief in the form of tuition reimbursement for violations imposed during 2006-07 and as specifically contemplated by Congress in the IDEA.

9. Plaintiffs seek reimbursement for the costs of providing the disabled child here with an education that enabled her to receive benefit and make progress toward her individual goals, during 2006-07 and throughout all judicial proceedings. The parents' private school placement provided the child regular education with intensive special education and related services the combination of which enabled the child to receive benefit, academically and socially. The child received educational benefit from the unilateral placement.

10. Plaintiffs seek an order reinstating the impartial hearing officer's decision and annulling that portion of the administrative decision which operates to reward the Ramapo C.S.D. for its violation of federal and state law.

## STATEMENT OF FACTS

11. S.S. is a disabled student classified by the Defendant's CSE as Learning Disabled and eligible for all entitlements under the IDEA at all times relevant to this action. S.S. has a lengthy history of educational disabilities. Beginning in 1997, when the child was in pre-school,

4

the Defendant's CPSE classified her as a student with a disability. She was received services pursuant to an IEP and was thereafter declassified. In second grade, S.S. was suspected of a learning disability. In June of 2001, she was referred by her private school to the Defendant for review of academic difficulties, suspected disabilities and limited educational performance.

12. Defendant school district conducted limited evaluations that identified more than one year's delay in basic reading, comprehension and total reading skills. Yet, the CSE did not conduct more extensive evaluations, did not convene to review the evaluations, did not propose classification, did not prepare an IEP, and did not notify the parents of due process or its ultimate decision to deny services. The CSE did not convene to review the evaluations or referral for classification.

13. In July 2004, the parents obtained an independent psychoeducational evaluation because of continuing concerns about school performance. While demonstrating overall average intellectual capabilities, the student showed a weakness in language processing in the areas of word knowledge, word retrieval and verbal problem solving. She achieved a score at the 5th percentile in reading rate, a score at the 1st percentile in reading accuracy and a score below the first percentile in reading fluency. Evaluators concluded that she had disabilities which impacted development of reading and spelling skills.

14. In addition, the evaluation revealed limitations in visual motor coordination and spatial integration which the evaluators opined were caused by a mild neurological impairment. Emotionally, she was found to be struggling with low self-esteem, feelings of inadequacy and helplessness; she often felt isolated, vulnerable and disconnected from those around her. Entering 6th grade, the psychologists evaluating her concluded that she had difficulty coping

with emotions. In addition to academic needs, evaluators recommended psychotherapy to address the child's emotional difficulties.

15. On a speech-language evaluation completed in August 2004, the student demonstrated significant variability in skill level depending on the task. On a test of expressive vocabulary, the student achieved below the 1st percentile. She demonstrated significant spelling weaknesses and a difficulty with sentence formulation. The speech-language pathologist diagnosed the student with a mild receptive language disorder and recommended she receive language therapy as well as a multisensory approach to reading and spelling instruction.

16. Immediately upon receipt of the independent evaluations, the parents re-referred the student to the Defendant school district's CSE. Because the CSE did not convene until November, the parents determined to unilaterally enroll their daughter at a private school in Northern New Jersey, twenty minutes from their home in order for her to receive immediate special education intervention. The parent testified that they did not have time to wait for full CSE review, realized the child's issues were far worse than they thought and had to make a quick decision.

17. The CSE convened on November 3, 2004. There was no representative from the student's present school and no involvement from any past or present teachers. At that meeting, the CSE classified the student as Learning Disabled, and developed an IEP based upon the parents' independent educational evaluations, a social history completed in September 2004 and physical reports.

18. The parent visited the proposed placement on November 23, 2004 and on February 7, 2005 formally rejected the IEP and requested an impartial hearing, seeking tuition

reimbursement for the 2004-05 school year, see final administrative decision on that claim at 06-013 and note that review of that administrative decision is now pending in this federal district court, at **Civil Action No. 06-5004 (KK)**.

19. In the interim, the parties convened another meeting of the CSE on March 17, 2005. A second, but virtually identical IEP was offered, however, the parents rejected the plan. Although S.S. was 3 years behind in reading and spelling, the IEP only reflected a proposed program of Resource Room, 40 minutes, daily. The hearings took place on July 6, August 15, 18, September 22, and October 31, 2005. The Request for a Hearing specified that the hearing was to be for the year 2004-05. There was no mention of 2005-06, and no evidence was presented concerning that year. No new IEP was developed or offered for 2005-06.

20. The hearing officer appointed to review the 2004-05 claim, in a written decision dated December 30, 2005, concluded that individual plans were inappropriate. He nonetheless denied the family any equitable relief holding that their private school placement "substantially limited" the student opportunity to be in the mainstream. On appeal, the SRO affirmed the hearing officer's decision declaring that a free appropriate public education had been denied in violation of the IDEA.

22. The SRO denied the parents request for tuition reimbursement for 2004-05, see pp. 14-5, SRO Decision No. 06-013.

23. The parents thereafter brought a Complaint to review the 2004-05 SRO decision in this federal district court, see Civil Action No. 06-5004, now pending before Judge K. Karas, U.S.D.J. In addition to requesting appropriate relief under the IDEA for denying their child an appropriate education, the Plaintiffs therein raised a claim focusing on the East Ramapo Central School District's policy and practice of excluding certain Jewish disabled children from

7

access to special education and related services. As a result, Plaintiffs' daughter, and others similarly situated, have been and continue to be denied significant educational opportunities. The policies and practices have caused up to one-half of disabled children residing in East Ramapo to be denied a free appropriate public education.

24. For 2005-06, the District did not convene its Committee on Special Education "CSE" to develop or review the child's special education needs for 2005-06. There was no IEP. S. continued in her then-current placement at YNJ. S. was mainstreamed for more of each school day in 2005-06 then she was in 2004-05. On June 22, 2006, Plaintiffs requested a hearing for reimbursement of tuition for the year 2005-2006, SRO Decision No. 06-100.

25. A final administrative decision regarding the 2005-06 claim was issued by the State Review Officer by Paul F. Kelly on September 29, 2006, SRO Decision No. 06-100.

26. The parents immediately moved to Amend the pending federal court action to include review and relief for the denial of a free appropriate pubic education in 2005-06. Review of that claim is pending under the original Complaint, civ. No. 06-5004, (KMK).

## THE INSTANT CLAIM: 2006-07

27. The East Ramapo Central School District failed to develop any individualized education plan, or IEP, for the 2006-07 school year. As they had the prior year (2005-06), the School District simply ignored this disabled child's existence. The District did not convene a CSE for the student and was not offered an IEP for the 2006-07 school year, p. 9, **SRO Decision Number 07-137**.

28. An impartial hearing was held and, on February 6, 2008, the State Review Officer issued a decision, from which this Complaint arises. The SRO's final administrative

decision established that once again, the student had been denied access to a free appropriate public education in violation of the IDEA and state law. Once again, the SRO denied the parents any appropriate relief.

29. Denial of relief here was erroneous on fact and law and contrary to the purpose and intent of the IDEA.

30. The SRO failed to conduct a proper review of the record, failed to consider its own prior decisions on the case and erred in its application of legal standards and prerequisites for parents' right to reimbursement.

31. The parents, Plaintiffs herein, now seek review of their 2006-07 claim for reimbursement.

32. Plaintiffs have at all times asserted as they do herein, that they chose a unilateral placement for the student specifically in order to address her disabilities; they chose a special yeshiva because of its intensive special education and related services focused on instruction of children with learning disabilities.

33. Plaintiffs seek tuition reimbursement for their unilateral placement at the Yeshiva of New Jersey because it has a founding mission of transitioning learning disabled children from intensive, skills-based instruction (i.e. special education) to regular, mainstreamed education classes.

34. YNJ provided Plaintiffs' child with much-needed services, including but not limited to: one-to-one reading instruction using an Orton-Gillingham approach; special classes for spelling, vocabulary, writing, grammar and computers; and a specially designated professional to teach social skills. Because of the specialized placement, Plaintiffs' child benefited greatly.

9

## FIRST CAUSE FOR RELIEF

35. Based on the foregoing, Plaintiffs' rights and those of their disabled child, under the Individuals with Disabilities Education Act, 20 U.S.C. §1401 et. seq. ("IDEA), the federal regulations promulgated therein, Article 89 of the New York State Education Law, and the Regulations of the Commissioner of Education, Part 200, were violated by the Defendant.

36. Defendants failed to provide the student with access to a free appropriate public education in accordance with the federal and state law.  Plaintiffs' unilateral placement provided her with special education and related services and enabled her to make educational progress.  As such, Plaintiffs are entitled to any equitable remedy and in particular to tuition reimbursement for 2006-07, see 20 U.S.C. section 1412(a)(10)(C)(ii).

**WHEREFORE**, Plaintiffs respectfully request the following relief from the Court:

1. Assume jurisdiction over this action;

2. Consolidate this action with the pending actions regarding 2004-05 and 2005-06 as the facts, parties and circumstances are the same.

3. Conduct an independent review of both the administrative record and any supplementary evidence;

4. Grant the Plaintiffs an opportunity to provide supplemental evidence not previously introduced due to the parents' Pro Se status at hearing and the hearing officer's failure to elicit necessary information from witnesses.

4. Affirm the administrative decisions as to the denial of FAPE and annul that part of the administrative decisions which deny any relief for said violations to Plaintiffs;

10

5. Declare that parent's decision to continue the unilateral place their child at the YNJ school for 2006-07 was proper under the IDEA;

6. Declare that all circumstances, facts and equitable considerations require an award of tuition reimbursement along with any related fees;

6. Award plaintiffs reasonable attorney's fees pursuant to 20 U.S.C. § 1415.

9. Grant such other, further and different relief as the Court deems just and proper.

Dated: May 2, 2008

Submitted by,

RosaLee Charpentier, Esq.

Bar roll # RLC-2515

Family Advocates, Inc.

209 Clinton Avenue,

Kingston, NY 12401

Tel.: (845) 339-8080