UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILIP and DARYL SCHREIBER,
parents of a disabled child, S.S.,

|  | Plaintiffs, |
|---|---|

-against-

EAST RAMAPO CENTRAL SCHOOL DISTRICT

|  | Defendant. |
|---|---|

**ELECTRONICALLY FILED**

**ANSWER**

**Civil  Case No.: 08-cv-4288 KMK**

---

As and for their Answer to Plaintiffs' May 6, 2008 Complaint, Defendant, the East Ramapo Central School District (hereinafter referred to as "District"), by and through its attorneys, Girvin & Ferlazzo, P.C., set forth as follows:

1.     As to the allegations contained in paragraph "1" of the Complaint herein: acknowledges that Plaintiffs purport to advance various claims under the Individuals with Disabilities Education Improvement Act (20 U.S.C. § 1400 *et. seq.*) ("IDEIA"); and denies all factual allegations, statements, and inferences contained therein.

2.     As to the allegations contained in paragraph "2" of the Complaint herein: acknowledges that Plaintiffs purport to advance various claims under the IDEA, New York Education Law §§ 4401 *et. seq.*, 8 N.Y.C.R.R. §§ 200 *et. seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a); refers all questions of law to the Court; admits that Plaintiffs are the Parents of S.S.; acknowledges that Plaintiffs purport to seek tuition reimbursement for the 2004-2005 and 2005-2006 school years and the pendency of the administrative and judicial review proceedings

beginning November 3, 2004; and denies all other factual allegations, statements, and references contained therein.

3.    As to the allegations contained in paragraph "3" of the Complaint herein: acknowledges Plaintiffs purport to invoke this Court's jurisdiction and refers all questions of law to the Court.

4.    As to the allegations contained in paragraph "4" of the Complaint herein: acknowledges that Plaintiffs purport to establish venue of this Action to this Court.

5.    As to the allegations contained in paragraph "5" of the Complaint herein: admits that the District is a municipal corporation located in Rockland County duly organized pursuant to state law; and  refers all questions of law to the Court; and denies all remaining allegations, statements, and inferences contained therein.

6.    As to the allegations contained in paragraph "6" of the Complaint herein: admits that Plaintiffs Philip and Daryl Schreiber are the Parents of Sharon Schreiber ("S.S."); denies knowledge or information sufficient to form a belief as to Plaintiffs' current address; denies that S.S. was 12 years of age at the commencement of the underlying administrative complaint proceeding; and denies all remaining allegations, statements, and inferences contained therein.

7.    As to the allegations contained in paragraph "7" of the Complaint herein:  refers the Court to the decisions of the Impartial Hearing Officer ("IHO") and State Review Officer (State Review Officer) for the true and accurate contents thereof; acknowledges that Plaintiffs purport to appeal the SRO's decision to this Court; and denies all remaining allegations, statements, and inferences contained therein.

2

8.      As to the allegations contained in paragraph "8" of the Complaint herein: denies knowledge or information sufficient to form a belief as to the reason the Plaintiffs filed their complaint; and denies all remaining allegations, statements, and inferences contained therein.

9.      Denies all allegations, statements, and inferences contained in paragraph "9" of the Complaint herein.

10.     Denies all allegations, statements, and inferences contained in paragraph "10" of the Complaint herein.

11.     As to the allegations contained in paragraph "11" of the Complaint herein: admits that Defendant's Committee on Preschool Special Education classified S.S. as a preschool student with a disability in Spring 1997; and denies all remaining allegations, statements, and inferences contained therein.

12.     Denies all allegations, statements, and inferences contained in paragraph "12" of the Complaint herein.

13.     As to the allegations contained in paragraph "13" of the Complaint herein: refers the Court to the independent psychoeducational evaluation for the true and accurate contents thereof; and denies all remaining allegations, statements, and inferences contained therein.

14.     As to the allegations contained in paragraph "14" of the Complaint herein: refers the Court to the independent psychoeducational evaluation for the true and accurate contents thereof; and denies all remaining allegations, statements, and inferences contained therein.

15.     As to the allegations contained in paragraph "15" of the Complaint herein: refers the Court to the August 2004 speech-language evaluation for the true and accurate contents thereof; and denies all remaining allegations, statements, and inferences contained therein.

16.    Denies all allegations, statements, and inferences contained in paragraph "16" of the Complaint herein.

17.    As to the allegations contained in paragraph "17" of the Complaint herein:  admits that an initial Committee on Special Education ("CSE") meeting was held on November 3, 2004; and denies all remaining allegations, statements, and inferences contained therein.

18.    Admits the allegations contained in paragraph "18" of the Complaint herein.

19.    As to the allegations contained in paragraph "19" of the Complaint herein; admits that a meeting was held on March 17, 2006, that the Parents rejected the IEP, that a hearing took place on July 6, August 15, 18, September 22 and October 31, 2005, that the request for hearing specified that the hearing was for the 2004-2005 school year, and denies all other allegations, statements and inferences made therein.

20.    As to the allegations contained in paragraph "20" of the Complaint herein: refers the Court to the decisions of the IHO and the SRO for the true and accurate contents thereof; and denies all remaining allegations, statements, and inferences contained therein.

21.    As to paragraph "21, the Complaint omitts  paragraph numbered "21".

22.    Admits the allegations contained in paragraph "22 " of the Complaint herein.

23.    As to the allegations contained in paragraph "23" of the Complaint herein: admits that the Parents filed a Complaint seeking review of the 2004-2005 SRO decision to Court; and denies all remaining allegations, statements, and inferences contained therein.

24.    As to the allegations contained in paragraph "24" of the Complaint herein: admits

4

that on June 22, 2006 Plaintiffs requested a hearing for reimbursement of tuition for the year 2005-06, SRO Decision No. 06-100; and denies all remaining allegations, statements, and inferences contained therein.

25.    Admits the allegations contained in paragraph "25 " of the Complaint herein.

26.    Admits the allegations contained in paragraph "26" of the Complaint herein.

27.    As to the allegations contained in paragraph "27" of the Complaint herein: admits that the District did not convene another CSE meeting or develop a new IEP for the 2006-2007 school year and denies all remaining allegations, statements, and inferences contained therein.

28.    As to the allegations contained in paragraph "28" of the Complaint herein: admits that an impartial hearing was held on February 6, 2008; and denies all remaining allegations, statements, and inferences contained therein.

29.    Denies all allegations, statements, and inferences contained in paragraph "29 " of the Complaint herein.

30.    Denies all allegations, statements, and inferences contained in paragraph "30 " of the Complaint herein.

31.    As to the allegations contained in paragraph "31" of the Complaint herein: acknowledges that Plaintiffs purport to seek review of their 2006-2007 claim for reimbursement.

32.    Denies all allegations, statements, and inferences contained in paragraph "32 " of the Complaint herein.

33.    Denies knowledge or information sufficient to form a belief as to the reasons the Parents purport to seek tuition reimbursement as alleged in paragraph "33 " of the Complaint herein.

34.    Denies all allegations, statements, and inferences contained in paragraph "34 " of the

5

Complaint herein.

35.    Denies all allegations, statements, and inferences contained in paragraph "35" of the Complaint herein.

36.    Denies all allegations, statements, and inferences contained in paragraph "36" of the Complaint herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37.    Some or all of the allegations contained in the Complaint herein fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38.    Plaintiffs never received special education or related services from a public agency prior to seeking tuition reimbursement and are not eligible for reimbursement for private school tuition under 20 U.S.C. § 1412(a)(10)(C)(ii).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39.    Plaintiffs improperly seek to relitigate matters of educational policy.

WHEREFORE, Defendant requests that the Court:

(a)    Dismiss the Complaint;

(b)    Award costs;

(c)    Consolidate this Action with the previous actions regarding the Parents claims against the District for the 2004-2005 and 2005-2006 school years; and

(d)    Grant such other and further relief in Defendant's favor as the Court deems appropriate.

6

DATED:      July 7, 2008

GIRVIN & FERLAZZO, P.C.

By:  /S/ Karen S. Norlander
          Karen S. Norlander
          Bar Roll No.:  KN1860
          Attorney for Defendant
Office and P.O. Address
20 Corporate Woods Blvd.
Albany, New York 12211
Tel:    518-462-0300
Fax:    518-462-5037
Email: ksn@girvinlaw.com

TO:    RosaLee Charpentier, Esq.
      Bar Roll No.:  RLC-2515
      FAMILY ADVOCATES, INC.
      Attorneys for Plaintiffs
      209 Clinton Avenue
      Kingston, New York   12401
      Tel:    845-339-8080
      Fax:    845-339-8089
      Email: famadvocates@verizon.net